IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Case No. 12-cv-00911-WYD
Bankruptcy Court Case No. 10-16450-SBB
Adv. No. 12-1075-SBB

In re:
JANNIE RICHARDSON
SSN: XXX-XX-3467
Debtor.

_____

C. RANDEL LEWIS, as Chapter 11 Trustee,

    Plaintiff,

v.

DA NAM KO, individually and as Trustee for
The Allen Richardson Dynasty Trust; as Trustee
for The Jessica Stinson Dynasty Trust; and as
Trustee for The Jeffrey Stinson Dynasty Trust;
THE ALLEN RICHARDSON DYNASTY
TRUST, by and through Da Nam Ko, trustee;
THE JESSICA STINSON DYNASTY TRUST,
by and through Da Nam Ko, trustee;
THE JEFFREY STINSON DYNASTY TRUST,
by and through Da Nam Ko, trustee; and
JANNIE RICHARDSON a/k/a Jannie Ho Duk
Richardson, individually,

    Defendants.

**ORDER**

THIS MATTER comes before the Court on the Defendants' Motion to Withdraw the Reference (ECF No. 2), filed April 5, 2012.  I note that this case was originally drawn to Senior District Judge Babcock, who later requested that this matter be reassigned.

The case was then reassigned to me.  In the motion, Defendants seek withdrawal of the Complaint, which asserts four claims for "relief invalidating the Trusts as shams pursuant to Colorado law, avoiding the Initial Transfers to the Trusts, and determining that the Debtor is the true and sole limited partner owning 99% of the limited partnership interests in SRKO."  (Compl. ¶ 38).  Plaintiff opposes the motion.  For the reasons set forth below, I find that the motion should be granted.

By way of background, on February 19, 2010, the SRKO Family Limited Partnership ("SRKO") filed its Chapter 11 bankruptcy case.  On March 25, 2010, Jannie Richardson filed her Chapter 11 bankruptcy case.  On January 28, 2011, the Bankruptcy Court approved the United States Trustee's appointment of Chapter 11 Trustee, C. Randel Lewis.  On January 31, 2012, the Trustee filed his Complaint alleging that the Allen Richardson Dynasty Trust, the Jessica Stinson Dynasty Trust, and the Jeffrey Stinson Dynasty Trust (collectively referred to as the "Trusts") are all "sham" trusts or otherwise constitute property of the Richardson estate such that the limited partnership interests in SRKO, as well as all other property held by the Trusts, belong to and are property of the Richardson estate.

Under 28 U.S.C. § 157(d), the district court may withdraw its reference of a case to the Bankruptcy Court on motion of a party or on its own motion "for cause shown" and must withdraw the reference in certain circumstances where the proceedings implicate both the provisions of Title 11 of the United States Code and other sources of federal law.  28 U.S.C. § 157(d) (2006).  Because bankruptcy courts may not conduct jury trials, *In re Kaiser Steel Corp.*, 911 F.2d 380, 392 (10th Cir. 1990), proof of a right to

a jury trial may constitute cause for permissive withdrawal.  *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

Defendants argue that withdrawal is warranted because the state court claims asserted by the Trustee in the adversary proceeding must be determined by an Article III Court based on Supreme Court jurisprudence.  *See Stern v. Marshall*, ___ U.S. ___,131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) (holding that the bankruptcy court did not have the constitutional authority to enter a final judgment on a state law counterclaim that was not resolved in the process of ruling on a creditor's proof of claim); *Langenkamp v. Culp*, 498 U.S. 42, 111 S. Ct 330, 112 L. Ed. 2d 343 (1990) (holding that a creditor who files a proof of claim against a bankruptcy estate is not entitled to a jury trial on a trustee's preference claim against it, emphasizing the importance of whether the creditor filed a proof of claim against the estate); and *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct 2782, 106 L. Ed. 2d 26 (1989) (holding that an entity that has not filed a proof of claim against a bankruptcy estate has a right to a jury trial on a trustee's fraudulent transfer claim).

In response, the Trustee argues that while his claims involve state law, "they are more properly viewed as 'core' bankruptcy claims ... than an attempt to 'augment the estate...'" (Resp. at 8).  However, the Trustee also seems to concede that withdrawal is appropriate in this case.  "Even if the Trust Defendants are correct that the Trustee's claims are non-core matters and that the Bankruptcy Court has no authority to enter a final judgment on those claims, nothing ... suggests that immediate withdrawal of the

reference is required." (Resp. at 8).[1]

Turning to my analysis, in the Complaint, "the Trustee seeks relief invalidating the Trusts as shams pursuant to Colorado law." (Compl. ¶¶ 38-64). More specifically, the Trustee seeks to avoid the Debtor's transfers of the interests in SRKO to the Trusts under § 544 of the Bankruptcy Code and Colo. Rev. Stat § 38-10-111. The Supreme Court has held that defendants in fraudulent transfer actions brought by trustees are entitled to jury trials if they have not filed claims against the estate. *Granfinanciera*, 492 U.S. at 58-59. Here, the Trust Defendants have not filed proofs of claims in the underlying bankruptcy case. Thus, I find that the reference should be withdrawn because the Trustee has sued parties, who have not filed proofs of claim, in an attempt to both declare that the Trusts are shams under Colorado law and to avoid the transfer of interests. Given the law set forth in *Granfinanciera* and *Stern*, I find that these claims must be adjudicated by an Article III court.

However, I am mindful of the Trustee's judicial economy argument, and I agree that the Bankruptcy Court is more familiar with the background of this case and its core bankruptcy issues. Thus, while I am granting the Defendants' motion to withdraw the reference, I find that it is appropriate to remand this action to the Bankruptcy Court to consider and determine all pre-trial issues including discovery and the approval of the final pre-trial order. *See In re M & L Business Mach. Co.*, 159 B.R. 932, 935 (D. Colo. 1993) (holding that while the motion to withdraw the reference is granted, the

---

[1] Instead, the Trustee suggests that the Bankruptcy Court hear the issues and submit proposed findings of fact and conclusions of law to the district court. (Resp. at 8).

bankruptcy court retains jurisdiction over all pre-trial matters).  Once all pre-trial matters are completed, I will schedule and conduct a jury trial on the merits.  Accordingly, it is

ORDERED that Defendants' Motion to Withdraw the Reference (ECF No. 2) is **GRANTED**.  It is

FURTHER ORDERED that this matter is **REMANDED** to the Bankruptcy Court for that court to consider and determine all pre-trial issues.  It is

FURTHER ORDERED that once discovery and other pre-trial phases of the case (including approval of the final pre-trial order) are completed, I will schedule and conduct a jury trial on the merits.

Dated:  November 8, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge